UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANDREW B. KIMBROUGH,

Plaintiff,

v.

DOUGLAS WADDINGTON, *et al.*,

Defendants.

No. C08-5602 RJB/KLS

**REPORT AND RECOMMENDATION**
**NOTED FOR: May 14, 2010**

This civil rights action has been referred to the undersigned United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.

It has been more than sixty days since the Court's latest mailings to Plaintiff were returned and the Court does not have a current address for the Plaintiff. Therefore, the undersigned recommends that the Court dismiss this action as Plaintiff appears to have abandoned his case.

*DISCUSSION*

On November 18, 2008, Plaintiff's application to proceed *in forma pauperis* was granted. Dkt. 4. On the same day, Plaintiff's civil rights complaint was docketed by the clerk and the court directed service by the U.S. Marshal. Dkts. 5 and 6. On March 13, 2009, Defendants Waddington and Griffith filed an Answer to the Complaint (Dkt. 29), and on July 21, 2009, Defendants Dominic and Bednarczyk filed their Answer to the Complaint. Dkt. 32.

On November 24, 2009, the court entered a Pretrial Scheduling Order. Dkt. 34. That Order was mailed to Plaintiff as his last known address. *Id.* The mailing to Plaintiff was returned to the court, marked "moved, left no forwarding address, unable to forward." Dkt. 35. On December 22, 2009, Judge Bryan issued a Minute Order directing the Plaintiff to notify the court and opposing parties of his current address and advising the Plaintiff that his failure to do so would result in dismissal for failure to prosecute pursuant to Fed.R.Civ.P. 41(b)(2). Dkt. 36. That mailing to Plaintiff was returned, marked "moved, left no address/unable to forward/return to sender." Dkt. 37.

Upon review of Plaintiff's filings in the case, the Clerk discovered a possible new address for the Plaintiff at 1701 E. 61st Street, Tacoma, Washington 98404, and the court's Scheduling Order, Judge Bryan's Minute Order, and a current docket sheet were sent to Plaintiff at the 61st Street address on January 26, 2010. On February 1, 2010, that mail was returned as undeliverable, marked "Don't live here!! Return to Sender." Dkt. 38.

Plaintiff has not notified the Court of his current address.

Local Rule 41(b)(2) states:

> A party proceeding pro se shall keep the court and opposing parties advised as to his current address. If mail directed to a pro-se plaintiff by the clerk is returned by the post office, and if such plaintiff fails to notify the court and opposing parties within sixty days thereafter of his current address, the court may dismiss the action without prejudice for failure to prosecute.

This action has existed more than sixty days without an address for the Plaintiff. Dismissal without prejudice for failure to prosecute is appropriate. Accordingly, the undersigned recommends **DISMISSAL WITHOUT PREJUDICE** for failure to prosecute pursuant to Local Rule 41(b)(2).

*CONCLUSION*

The Court should dismiss this action without prejudice as Plaintiff has left no forwarding address and appears to have abandoned the case.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **May 14, 2010**, as noted in the caption.

DATED this 14th day of April, 2010.

Karen L. Strombom
United States Magistrate Judge