UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANDREW B. KIMBROUGH,<br><br>    Plaintiff,<br><br>    v.<br><br>DOUGLAS WADDINGTON,<br>Superintendent; *et al.*,<br><br>    Defendants. | Case No. C08-5602RJB<br><br>ORDER ON PLAINTIFF'S<br>MOTION TO REOPEN |

This matter comes before the court on the order of the Ninth Circuit U.S. Court of Appeals. (Dkt. 68) and on plaintiff's motion to reopen (Dkt. 61). The court has considered the relevant documents and the file herein.

On May 17, 2010, the court adopted the Report and Recommendation of the Magistrate Judge, and dismissed this case under Rule 41(b)(2) of the Local Rules for the United States District Court for the Western District of Washington. Dkt. 44. Judgment was entered on May 18, 2010. Dkt. 45. On August 12, 2010, plaintiff filed a Notice of Appeal. Dkt. 49.

On September 22, 2010, plaintiff filed motion to reopen this case. Dkt. 61. On October 12, 2010, the court issued an order, providing as follows:

> [It is] **ORDERED** that plaintiff's motion to reopen the case will be granted by the court, provided that plaintiff files a motion with the Ninth Circuit U.S. Court of Appeals, requesting remand of the case, and provided that the Ninth Circuit remands the case. Unless and until the Ninth Circuit remands the case, the court's May 18, 2010 judgment (Dkt. 45) remains in effect.

Dkt. 64, at 2.

ORDER
Page - 1

On November 18, 2010, the Ninth Circuit U.S. Court of Appeals granted plaintiff's motion for limited remand, and remanded the case to the district court for the limited purpose of enabling the district court to consider plaintiff's Fed.R.Civ.P. 60(b) motion. See Dkt. 68.

Fed.R.Civ.P. 60(b) provides as follows:

**(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

This case was dismissed because plaintiff failed to comply with Local Rule 41(b)(2), which requires that a case may dismissed if plaintiff does not notify the court and opposing parties of his current address within sixty days of the court's mail being returned to the Clerk's office. Plaintiff moved several times while this case was pending. It appears that he was unaware that mail in this case was not reaching him. Although he should have been more diligent in informing the court of his changes of address, in the interest of fairness, the court should grant plaintiff's motion to reopen the case.

Therefore, it is hereby

**ORDERED** that plaintiff's motion to reopen the case (Dkt.61) is **GRANTED.** This case is **RE-REFERRED** to U.S. Magistrate Judge Karen L. Strombom for further proceedings.

/

/

/

/

/

1   The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any
2 party appearing *pro se* at said party's last known address. The Clerk is further directed to transmit this
3 order to the Ninth Circuit U.S. Court of Appeals.

4   DATED this 10th day of January, 2011.

*Robert J Bryan* (signature)
Robert J Bryan
United States District Judge