UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANDREW B. KIMBROUGH,<br><br>                Plaintiff,<br><br>   v.<br><br>DOUGLAS WADDINGTON, DON GRIFFITH, EDWARD DOMINIC, DR. KENNETH R. SEBBY, DR. R. BEDNARCZYK, REGISTERED NURSE SNYDER, VICKY MARTIN, and PA CROSSGROVE,<br><br>                Defendants. | No. C08-5602 RJB/KLS<br><br>**REPORT AND RECOMMENDATION**<br>**Noted for: April 8, 2011** |

This civil rights action has been referred to the undersigned United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. The undersigned recommends that the action be dismissed as to Defendants Vicky Martin, PA Crossgrove, and Registered Nurse Snyder, without prejudice because Plaintiff has failed to prosecute his claims against these parties.

**BACKGROUND**

Plaintiff filed his civil rights complaint on September 25, 2008. ECF No. 1. The court granted Plaintiff's application to proceed *in forma pauperis* and directed the U.S. Marshal to serve the civil rights complaint. ECF Nos. 4 and 6. On January 27, 2009, the returns of service directed to Vicky Martin, Dr. Kenneth Sebby, and PA Crossgrove were returned to the court

ORDER - 1

unexecuted. ECF Nos. 11, 12, and 13. A service address for Defendant Snyder was never provided to the court by Plaintiff and no attempt at service on this individual was made.

On May 17, 2010, this case was dismissed under Rule 41(b)(2) of the Local Rules for the United States District Court for the Western District of Washington because Plaintiff failed to keep the court advised of his mailing address. ECF No. 44. Judgment was entered on May 18, 2010. ECF No. 45. On August 12, 2010, Plaintiff filed a Notice of Appeal. ECF No. 49. On September 7, 2010, Plaintiff filed a request that he be permitted to reopen this case without pursuing the appeal. ECF No. 53. On September 14, 2010, the Ninth Circuit entered an order, noting that the Notice of Appeal stated that Plaintiff did not receive the district court's final order until August 2, 2010. ECF No. 56. The Ninth Circuit construed that statement as a timely motion to reopen the time to appeal pursuant to Fed. R. App. P. 4(a)(6), and remanded the case to the district court for the limited purpose of allowing the district court to rule on Plaintiff's motion to reopen. ECF No. 56. On January 10, 2010, the district court granted Plaintiff's motion to reopen the case and re-referred the case to the undersigned. ECF No. 69.

On January 13, 2011, the undersigned issued a Revised Pretrial Scheduling Order and an Order Directing Plaintiff to provide service addresses for the named defendants who had not yet been served. ECF No. 72. On February 4, 2011, Plaintiff provided two service addresses for Defendant Sebby. The first attempt at service of Dr. Sebby was returned as "not deliverable as addressed; unable to forward." ECF No. 75. On February 9, 2011, court staff re-mailed the service documents to Dr. Sebby at the alternate address provided by Plaintiff. To date, the court has not received a return of service.

ORDER - 2

Plaintiff has not provided the court with alternate service addresses for Defendants Martin, Crossgrove, and Snyder, although he was directed to do so on January 13, 2011. *See* ECF No. 72.

**DISCUSSION**

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service of the summons and complaint must be made upon a defendant within 120 days after the filing of the complaint. Unless the plaintiff can show good cause for his failure to serve, the court shall dismiss the action without prejudice as to that defendant or shall extend the time for service. Fed. R. Civ. P. 4(m). In cases involving a plaintiff proceeding *in forma pauperis*, a United States Marshall, upon order of the court, shall serve the summons and complaint. Fed. R. Civ. P. 4(c)(2). "[A]n incarcerated pro se plaintiff proceeding *in forma pauperis* is entitled to rely on the U.S. Marshal for service of the summons and complaint and . . . should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties." *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (*quoting Puett v. Blanford*, 912 F.2d 270, 275 (9t Cir. 1990)), *abrogated on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is "automatically good cause." *Walker*, 14 F.3d at 1422 (*quoting Sellers v. United States*, 902 F.2d 598, 603 (7th Cir. 1990)). However, where a pro se plaintiff fails to provide accurate and sufficient information to effect service of the summons and complaint, the court's *sua sponte* dismissal of the un-served defendant is appropriate. *Walker*, 14 F.3d at 1421-22.

Plaintiff has the general duty to prosecute this case. *Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc.*, 587 F.2d 27, 29 (9th Cir.1978). He has failed to do so by

ORDER - 3

ignoring his duty to provide the court with current service addresses.  A court cannot exercise jurisdiction over a defendant without proper service of process.  *See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104, 108 S.Ct. 404, 98 L.Ed.2d 415 (1987); *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir.1988) ("A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R .Civ. P. 4").

## CONCLUSION

Plaintiff has failed to comply with this court's order that he provide service addresses for the unserved defendants. Therefore, the undersigned recommends this case be dismissed without prejudice as to Defendants Vicky Martin, PA Crossgrove, and Registered Nurse Snyder.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections.  See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **April 8, 2011**, as noted in the caption.

**DATED** this 16th day of March, 2011.

Karen L. Strombom
United States Magistrate Judge

ORDER - 4